RODRÍGUEZ v. THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property
of Ponce.

No. 11.—Decided November 11, 1908.

EXECUTION OF DEED—WITNESS THERETO—PARTY EXECUTING THE SAME UNABLE TO SIGN.—In accordance with the provisions of section 14 of the Notarial Law of March 8, 1906, the only person authorized to sign in the name of the party executing the deed, who is unable to sign his own name, is one of the witnesses to the instrument, and they may be more than two.

ID.—PARTY EXECUTING INSTRUMENT UNABLE TO SIGN—SIGNATURE BY A THIRD PARTY.—A third party not mentioned in the deed as a witness to the execution thereof cannot sign the same for the party executing the instrument who is unable to sign his name.

The facts are stated in the opinion.

*Mr. Yordan Davila* for appellant.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal taken by Attorney L. Yordan Dávila, on behalf of Antonio Rodríguez Justiniano, from a decision of the Registrar of Property of Ponce, refusing to admit to record a deed of purchase and sale.

By public deed executed on January 30, of the current year, 1908, in the town of Peñuelas, before Notary Carlos F. Chardon, a notary of Ponce, and witnesses, Rafael Soldevilla and Francisco Ortiz, Ezequiel Rodríguez Justiniano, accompanied by his wife Monserrate Alvarado y Arroyo, sold to Antonio Rodríguez Justiniano the interest which he had in the ownership of five tracts of land described in the said deed; and upon presentation of a copy hereof in the Registry of Property of Ponce for the record of the ownership acquired in one of the tracts of land sold—that is to say, that marked number one—the registrar denied the record on the grounds set forth in the decision which reads as follows:

"The record of the foregoing document is denied with respect to the interest in ownership described under number one, as requested, on account of the incurable defect that the genuineness of the signature of the vendor, Ezequiel Rodríguez Justiniano is not established in accordance with the provisions of section 14 of the Notarial Law in force, and in lieu thereof a cautionary notice has been entered effective for four months, at folio 146 of volume 16 of Peñuelas, estate 209, triplicate, record letter A. Ponce, May 12, 1908. Jose Sastraño Belaval, Registrar."

Antonio Rodríguez Justiniano took an appeal from this decision denying the record for the purpose of obtaining its reversal, alleging as the fundamental reason therefor that the provisions of section 14 of the Notarial Law in force had been complied with, because as said law does not limit the number of witnesses who are to be present at the execution

of a deed, in this case a third witness was present who signed in the name of the vendor who was unable to do so.

According to section 13 of the act to regulate the practice of the notarial profession in Porto Rico, approved March 8, 1906, no public instrument, save those specially provided for by law, shall be authenticated by a notary, unless executed in the presence of two witnesses, and according to section 14, should the parties to the instrument, or any of them be unable to sign, the notary shall state the fact, and one of the witnesses shall sign for the party, and such witness shall precede his signature with the note in his own handwriting that he signs for himself and for the party, in the name of said party or parties, from which provisions it. is to be deduced that although more than two witnesses may be present at the execution of an instrument, as the Notarial Law does not limit their number, in the event that one of the parties does not know how or is unable to sign, one of the witnesses must sign for him in the manner aforesaid.

At the execution of the deed in question the only witnesses present were Rafael Soldevilla and Francisco Ortiz, because in addition to this being stated by the authenticating notary, they were the witnesses present when the parties signified their consent and heard the document read, in accordance with the provisions of section 15 of said act, their residence having also been stated in accordance with the provisions of section 10, while the same is not the case with Adolfo Grana Vélez, who was presented by the party Ezequiel Rodríguez Justiniano to sign in his name which was the only act entrusted to him and which he did, thus failing to comply with section 14 of the Notarial Law which provides that the person signing for a party not knowing how or unable to sign, must be a witness to the execution of the instrument.

Section 14 of the Notarial Act not having been complied with and therefore, the signature placed on the document on behalf of Ezequiel Rodríguez Justiniano by Adolfo Grana Vélez, who was not a witness to the execution of the instru-

ment, having no legal value, .such document contains an incurable defect which prevents its record in the registry.

The decision of the Registrar of Property of Ponce of May 12 last, the subject of this appeal, is affirmed, and it is ordered that the documents presented be returned to him, together with a certified copy of this decision for the proper purposes.

*Affirmed.*

Justices Figueras, MacLeary and Wolf concurred.

Mr. Chief Justice Quiñones did not take part in the decision of this case.